# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION


CATHERINE COOPER,

      Plaintiff,

v.                                                                                    CASE NO:  8:16-CV-3396-T-30MAP

NAVIENT SOLUTIONS, LLC,

      Defendant.

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion for Partial Summary Judgment (Dkt. 17) and Plaintiff's Response in Opposition (Dkt. 23).  The Court, upon review of the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## DISCUSSION

On December 12, 2016, Plaintiff filed this action against Defendant Navient Solutions, LLC, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act.  Defendant is a servicer of student loans, including federal student loans that are owned or guaranteed by the United States Department of Education ("ED").  As part of its servicing function, Defendant makes calls and sends letters to borrowers to collect on delinquent loan amounts and advise them of available repayment options.

Plaintiff alleges Defendant began calling her cellular phone in 2015, up to four times per day with respect to her delinquent Federal Consolidation student loan. In January 2016, Plaintiff verbally revoked her consent to be contacted by cellular phone. Defendant's calls ceased in July 2016, after Plaintiff requested, for a third time, that Defendant stop calling her cellular phone. Plaintiff contends that Defendant called her approximately one hundred times *after* Plaintiff's first January 2016 revocation.

Defendant now moves for partial summary judgment on the TCPA claim. Defendant argues that calls made to collect governmentally insured debts are no longer governed by the TCPA. Specifically, in 2015, Congress amended the TCPA so that it prohibits autodialed calls to cellular phones *except* when the "call is made solely to collect a debt owed to or guaranteed by the United States." Bipartisan Budget Act of 2015, Pub. L. 114-74, § 301(a), 129 Stat. 584 (2015) (codified at 47 U.S.C. § 227(b)(1)(A)(iii)). Defendant contends that Plaintiff's loan is a debt "owed to or guaranteed by the United States," so Defendant's calls to Plaintiff, which occurred after the 2015 TCPA amendment, are not prohibited by the TCPA.

Defendant's argument is unpersuasive because the Budget Act required the FCC to "prescribe regulations to implement the [Budget Act's] amendments" to the TCPA. Budget Act, 129 Stat. at 588. And on August 11, 2016, the FCC released a Report and Order in CG Docket No. 02-278, FCC 16-99, adopting rules to implement the TCPA amendments Congress enacted in Section 301 of the Bipartisan Budget Act of 2015. The FCC adopted rules implementing the law's exception from the prior express consent requirement for

autodialed or prerecorded calls to wireless numbers "solely to collect a debt owed to or guaranteed by the United States," and placing limits on the number and duration of autodialed or prerecorded calls to wireless numbers "to collect a debt owed or guaranteed by the United States." In relevant part, federal government callers and contractors making these calls on behalf of the federal government, without prior express consent of the called party, may call the person or persons responsible for paying the debt at one of three phone numbers specified in the rules, may call three times during a 30-day period, may call between 8:00 a.m. and 9:00 p.m. local time at the debtor's location, *may not call once the debtor requests that the calls cease*, and must transfer the stop-call request to the new servicer if the debt servicer changes. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 31 FCC Rcd. 9074, 9088-92 (Aug. 11, 2016).

Plaintiff's complaint alleges that Defendant continued to call her cellular phone even after she revoked consent. The FCC has unambiguously concluded that federal debt collectors may not make these calls after the debtor requests that they stop. *See id.* at 9091 (noting that: "Our rules, therefore, require that zero federal debt collection calls are permitted once a debtor asks the owner of the debt or its contractor to cease federal debt collection calls. This requirement that callers immediately honor a request to stop calls applies even where the caller has previously obtained prior express consent to make federal debt collection calls."). FCC final orders are binding on this Court if they directly speak to a particular issue. *See Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110, 1119 (11th Cir. 2014)

(holding that, under the Hobbs Act, the federal courts of appeals are the exclusive venue for challenging FCC orders).  Accordingly, Defendant's motion must be denied.

It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion for Partial Summary Judgment (Dkt. 17) is denied.

**DONE** and **ORDERED** in Tampa, Florida on April 21, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record