UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CATHERINE COOPER,

    Plaintiff,

v.

NAVIENT SOLUTIONS, INC.,

    Defendant.

Case 8:16-cv-03396-JSM-MAP

**DEFENDANT NAVIENT SOLUTIONS, LLC'S**
**MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

Defendant Navient Solutions, LLC, formerly known as Navient Solutions, Inc. ("NSL"), by and through undersigned counsel, respectfully moves the Court to certify its April 21, 2017 Order (Docket Entry 24, the "Order") for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Specifically, NSL asks that the Court certify the issue of whether an amendment to the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"), which was included in the Bipartisan Budget Act of 2015, Pub. L. 114-74, § 301(a), 129 Stat. 584 (2015) (the "Budget Act"), became effective upon passage of the Budget Act -- i.e., on November 2, 2015. The Budget Act amendment changed the TCPA's "prior express consent" requirement for making autodialed calls to cellular telephones. Pursuant to the amendment, that requirement does not apply to calls "made solely to collect a debt owed to or guaranteed by the United States."

Based on the plain language of the Budget Act, the rules of statutory construction and the legislative history, NSL's position is that the amendment took effect on November 2, 2015, when

41635252v1

it was signed by the President and became public law. However, in the Order, the Court found that the amendment instead became effective on August 11, 2016, when the Federal Communications Commission (the "FCC") issued various regulations under the Budget Act. Those regulations themselves, though, have not yet taken effect.

Against this background, the issue that NSL seeks to certify presents a controlling question of law as to which there exists a substantial ground for difference of opinion (and, in fact, two courts have rendered decisions supporting NSL's position). Moreover, an immediate appeal would materially advance the ultimate termination of this litigation, because all the potentially actionable calls in this case took place between January 2016 and June 2016, after the Budget Act was passed, but prior to the release of the FCC regulations in August 2016. The Court therefore should grant this Motion for Certification (the "Motion").

## BACKGROUND

Plaintiff Catherine Cooper ("Cooper") asserts claims against NSL for alleged violations of the TCPA,[1] which prohibits, among other things, making a call to a cellular telephone using an automated telephone dialing system without the called party's "prior express consent." NSL is a servicer of student loans, including with respect to federal student loans that are owned or guaranteed by the United States Department of Education ("ED"). As part of its duties as a student loan servicer, NSL is obligated to make calls and send letters to borrowers, so as to collect on delinquent loan amounts and advise borrowers of available repayment options.

Cooper alleges that, on or about January 2016, during a phone call with one of NSL's agents, she revoked her prior express consent under the TCPA for calls to her cellular telephone.

---

[1] Cooper also brings claims under the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, et seq., but those claims were not at issue in the Order.

(Complaint, ¶ 14.) However, according to Cooper, NSL continued to call here thereafter. (Id., ¶ 17.) The calls stopped in July 2016. (Order, p. 2).

NSL moved for summary judgment on Cooper's TCPA claims because all of the calls were made after November 2, 2015, when the Budget Act was passed and the statutory exemption for calls "made solely to collect a debt owed to or guaranteed by the United States" was enacted. See 47 U.S.C. § 227(b)(1)(A)(iii). The Court denied the motion, however, finding that the exemption was not implemented until the FCC issued regulations on August 11, 2016, and that those regulations prohibited, among other things, calling more than three times during a 30-day period and calling after a debtor requests that the calls cease. (Order, pp. 2-3) (citing In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 31 FCC Rcd. 9074, 9088-92 (Aug. 11, 2016) (the "FCC Order")).

Those regulations themselves, though, are not yet effective. The FCC Order appended the FCC's final rules implementing the Budget Act amendment (the "Final Rules"). However, because certain of the Final Rules implicate the Paperwork Reduction Act, the rules (as a whole) will not become effective "until 60 days after the [FCC] publishes a Notice in the Federal Register indicating approval of the information collection by the Office of Management and Budget (OMB)." See FCC Order at ¶¶ 59-60. This has not occurred and thus, the Final Rules are not in place.

The Order does not contain the language necessary to certify this issue for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Thus, NSL now requests that the Court certify the issue for consideration by the Eleventh Circuit so as to materially advance this litigation.

**ARGUMENT**

**I.     The Legal Standard For Certification Under Section 1292(b)**

Pursuant to 28 U.S.C. § 1292(b), a party may pursue an interlocutory appeal to the Circuit Court of Appeals if the district court states in writing that an order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Upon parties' requests, Middle District of Florida courts often have certified issues for interlocutory appeal. See, e.g., Bravo v. Honigman Miller Schwartz & Cohn LLP, 2008 U.S. Dist. LEXIS 21207, *1-*2 (M.D. Fla. Mar. 13, 2008); Bottini v. Geico Gen. Ins. Co., 2014 U.S. Dist. LEXIS 177930, *32-*33 (M.D. Fla. Dec. 19, 2014); see also Tello v. Dean Witter Reynolds, Inc., 410 F.3d 1275, 1278 (11th Cir. June 1, 2005) (noting district court's certification of issue under Section 1292(b)).

In determining whether to certify an order for interlocutory appeal, district courts consider whether the issue at hand is one of "first impression" and whether its resolution would "serve to avoid trial or otherwise substantially shorten the litigation." Bastian v. United Servs. Auto. Ass'n, 150 F. Supp. 3d 1284 (M.D. Fla. 2015). "While novelty alone does not justify interlocutory appeal," certification is appropriate where the key issue left "enough room for interpretation." Id. at 1297. This is particularly so when resolution will "impact future cases." EEOC v. Allstate Ins. Co., 2007 U.S. Dist. LEXIS 97100, *10 (E.D. Mo. Jan. 4, 2007). Further, on matters of statutory construction, courts have considered, whether "a difference of opinion may exist as to the interpretation of the Act and its legislative history." Roberts v. Dean Witter Reynolds, Inc., 2003 U.S. Dist. LEXIS 5676 at *13 (M.D. Fla. Mar. 14, 2003).

**II.     The Court Should Certify The Issue Presented Here For Interlocutory Appeal.**

  **A.     The Determination Of The Budget Act Amendment's Effective Date Is A Pure Question Of Law.**

In the Order, the Court's decision turns on analysis of the Budget Act's requirement that the FCC "prescribe regulations to implement the [Budget Act's] amendments" to the TCPA. Although the Budget Act does not state that the amendment would be ineffective until such regulations were implemented, the Court construed it as such. (Order, p. 2). Accordingly, the issue here is purely one of statutory construction. There is no factual dispute presently before the Court about when Cooper was called, how many times Cooper was called or who was responsible for calling Cooper. If NSL is correct in its construction of the Budget Act amendment – i.e., it applies, as written, until such time as the FCC's Final Rules take effect – then Cooper simply has no TCPA claims. Nevertheless, the issue is one of first impression in this circuit, and there is ample "room for interpretation."

  **B.     There Are Substantial Grounds For Difference Of Opinion On The Issue.**

    **1.     The Budget Act Amendment Certainly Can Be Construed As Effective On November 2, 2015.**

On its face, the Budget Act amendment contemplates that the FCC will ultimately issue regulations, but contains <u>no</u> limitation as to its effectiveness on November 2, 2015. In the Order, the Court appears to have concluded (without specifically finding) that the FCC's Final Rules were a precondition to application of the amendment. Under the ordinary rules of statutory construction, though, such a conclusion is far from obvious. "The first rule in statutory construction is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute. If the statute's meaning is plain and unambiguous, there is

-5-

no need for further inquiry." United States v. Silva, 443 F.3d 795, 797-98 (11th Cir. 2006). "Further, we will not 'look at one word or term in isolation, but instead [will] look to the entire statutory context.'" Id. at 798. Finally, "we should not interpret a statute in a manner inconsistent with the plain language of the statute." Id.

Here, the plain and unambiguous language of the Budget Act amendment reflects that it became effective on the date it was enacted. Specifically, Section 301(a) of the Budget Act provides: "Section 227(b) of the [TCPA] is amended." (Emphasis added). Section 301(a) does not state that the TCPA will be amended, or that the amendment takes effect at some time in the future, which Congress certainly could have stated. Indeed, reviewing the entire statute in context shows that Congress did exactly that in other portions of the Budget Act. For example, Section 501 of the Budget Act provides that the amendments to 29 U.S.C. § 1306 (relating to premium rates under the Employee Retirement Income Security Program) "shall apply to plan years beginning after December 31, 2016." Budget Act, PL 114-74, 129 Stat 584, § 501 (emphasis added). Similarly, Section 812 of the Budget Act (pertaining to the Social Security Act, 42 U.S.C. 423(d)(5)) provides:

> The amendment made by subsection (a) shall apply with respect to determinations of disability made on or after the earlier of—
>
> (1) the effective date of the regulations issued by the Commissioner under subsection (b); or
>
> (2) one year after the date of the enactment of this Act.

Id., § 812 (emphasis added).

"[W]here Congress knows how to say something but chooses not to, its silence is controlling." Lindley v. FDIC, 733 F.3d 1043, 1057 (11th Cir. 2013). Overall, the Budget Act shows that Congress knew how to delay the effective date of each provision if that was its intent,

but chose to remain silent on the effective date of the TCPA amendment. Accordingly, this at least suggests that the TCPA amendment was effective immediately, not at some point in the future. In fact, arguably, interpreting the Budget Act amendment otherwise would be inconsistent with the plain language of the statute and the rules of statutory interpretation.

Further, and notably, at least one court has expressly rejected the contention that the Budget Act amendment did not apply until the Final Rules had been prescribed. See Silver v. Pa. Higher Educ. Assistance Agency, 2016 U.S. Dist. LEXIS 44165, *7-*8 (N.D. Cal. Mar. 31, 2016) ("[P]laintiff cites no authority for his argument that a statute has no legal effect until implementing regulations are put in place."). In addition, in Hassert v. Navient Solutions, Inc., 2017 U.S. Dist. LEXIS 60165, *2 (W.D. Wisc. Jan. 5, 2017), the court dismissed plaintiff's TCPA claims for calls made from December 2015 through April 2016 based on the Budget Act amendment, noting that, "in 2015, Congress amended the TCPA so that it prohibits autodialed calls to cell phones except when the 'call is made solely to collect a debt owed to or guaranteed by the United States.'" Id. at *3 (emphasis added). These conclusions are in line with the interpretive canon "that a statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant." MSP Recovery, LLC v. Allstate Ins. Co., 835 F.3d 1351, 1361 (11th Cir. Aug. 30, 2016). If the Budget Act amendment had been ineffective until the FCC regulations were issued, then the new language in the TCPA was inoperative and superfluous from November 2015 to August 2016 (and, in fact, it would remain so today, because the FCC's Final Rules are not yet effective).

Moreover, the proposition that the amendment had immediate effect is supported by the legislative history. In the lead-up to passage of the Budget Act, ED issued a report calling for Congress to "change the law to ensure that servicers can contact borrowers using modern

technology." See "Strengthening the Student Loan System to Better Protect All Borrowers," U.S. Department of Education, October 1, 2015, at p. 16 <available at http://www2.ed.gov/documents/press-releases/strengthening-student-loan-system.pdf> (last viewed May 1, 2017).  Specifically, ED noted a need to contact borrowers right away so as to assist them: "The President's 2016 Budget proposed amending this law to allow the use of automated dialers to contact borrowers to inform them of their federal repayment obligations and benefits like Pay As You Earn, or Rehabilitation, in the case of a defaulted borrower." Id.

Finally, even the FCC itself has seemingly acknowledged that the Budget Act amendment took effect upon enactment in 2015.  See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, CG Docket No. 02-278, 31 FCC Rcd 5134, ¶ 4 (F.C.C. May 6, 2016) ("May 6, 2016 Notice").  In Paragraph 4 of the May 6, 2016 Notice, the FCC stated that:

> Section 227(b)(1)(A) and (B) of the TCPA now explicitly do not make it unlawful for anyone to make autodialed, artificial-voice, or prerecorded-voice calls to both wireless phones and residential landline phones, without the prior express consent of the called party, if the calls are "made solely to collect a debt owed to or guaranteed by the United States…

(May 6, 2016 Notice, ¶ 4) (emphasis added).  Similarly, in Paragraph 5 of the FCC Order, the FCC again noted:

> As amended by Section 301 of the Budget Act, Sections 227(b)(1)(A) and (B) of the TCPA now explicitly except from the prior express consent requirement certain autodialed, artificial-voice, and prerecorded-voice calls either to wireless phones or to residential landline phones, if the calls are "made solely to collect a debt owed to or guaranteed by the United States."

(FCC Order, ¶ 5) (emphasis added).  The word "now" is straightforward and unmistakable -- it indicates that the changes made to the TCPA by the Budget Act were already in effect when the FCC Order (appending the Final Rules) was issued.

Accordingly, against this background, the construction of the Budget Act amendment is at least arguable. The issue, then, is appropriate for certification.

**C.   Resolution Of The Issue Would Materially Advance This Case.**

Very simply, if the Eleventh Circuit agrees with NSL -- i.e., the Budget Act amendment to the TCPA was effective as of November 2, 2015 -- Cooper's claims are defeated. That conclusion would limit this case to the narrower question of whether Cooper can establish her remaining claim under the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, et seq. Limiting the case in this fashion would preserve resources for the parties and the Court. In addition, and more broadly, the issue presented is important because it will impact not only this case, but also other TCPA cases brought in response to calls related to student loans owned or guaranteed by the United States.

**CONCLUSION**

For the foregoing reasons, the Court should grant the Motion and certify the issue for interlocutory appeal.

**CERTIFICATE PURSUANT TO LOCAL RULE 3.01(g)**

On May 1, 2017, Defendant's undersigned counsel personally conferred with counsel for Plaintiff as to the relief requested by this Motion, but the parties were unable to agree on a resolution of the issues raised herein.

Dated: May 1, 2017

                         Respectfully submitted,

                        NAVIENT SOLUTIONS, LLC

                       By: */s/ Drew P. O'Malley*
                           By Its Attorneys

DREW P. O'MALLEY
Florida Bar No. 106551
*Primary E-mail*: drew.omalley@akerman.com
*Secondary E-mail*: marykay.siegel@akerman.com
401 E. Jackson Street, Suite 170
Tampa, FL 33602-5250
Telephone: 813-223-7333/Facsimile: 813-223-2837

-and-

ADAM G. SCHWARTZ
Florida Bar No.: 26978
*Primary E-mail*: adam.schwartz@akerman.com
*Secondary E-mail*: elisa.waites@akerman.com
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Telephone: 561-671-3626/Facsimile: 561-659-6313

***Attorneys for Defendant Navient Solutions, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that, on May 1, 2017, a copy of the foregoing **DEFENDANT NAVIENT SOLUTIONS, LLC'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL** was served by electronic mail on the party listed below:

> Amy Ferrera, Esq.
> Morgan & Morgan, Tampa, P.A.
> One Tampa City Center
> 201 N. Franklin Street, 7th Floor
> Tampa, FL 33602
> T:  813-223-5505
> F:  813-223-5402
> amferrera@forthepeople.com

*/s/ Drew P. O'Malley*
Drew P. O'Malley