UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CATHERINE COOPER,

    Plaintiff,

-vs-                                        CASE NO.: 8:16-CV-03396-JSM-MAP

NAVIENT SOLUTIONS, LLC.,

    Defendant.

_____/

## PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

COMES NOW Plaintiff, CATHERINE COOPER, by and through her undersigned counsel, pursuant to Fed.R.Civ.P. 15(a)(2), hereby moves to amend her Complaint to add a newly identified party and in support thereof respectfully alleges the following:

### I. *Factual Background and Procedural History*

On or about December 12, 2016, Plaintiff filed the Complaint [Doc. 1] in this matter against Defendant alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA") and the Florida Consumer Collections Practices Act, Chapter 559, *et seq*. ("FCCPA"). Specifically, Plaintiff alleges that Defendant knowingly and/or willfully harassed and abused her on numerous occasions by calling her cellular telephone number multiple times per day during the time period including, but not limited to, January of 2016 through the present, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of a delinquent account.

On February 7, 2017, a subpoena was issued to Cello Partnership d/b/a Verizon Wireless Custodian of Records for Plaintiff's cellular telephone records. Upon review of the subpoenaed

cellular records, Plaintiff's counsel determined that Plaintiff also received seventy-one (71) calls from Student Assistance Corporation, whose principal address is in Delaware, and its registered agent is Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, DE 19808. It should be noted that Defendant, NAVIENT SOLUTIONS, is the parent company for Student Assistance Corporation and both companies utilize a shared database and shared compliance team. Information regarding the relationship between NAVIENT SOLUTIONS and Student Assistance Corporation is attached hereto as **Exhibit "A"**.

## II. *Legal Standard*

Pursuant to Rule 15(a), Federal Rules of Civil Procedure, a party may amend the party's pleadings only by leave of court. However, the Rule also provides that leave of court shall be freely given when justice so requires. Justice requires leave to amend the complaint to add Student Assistance Corporation as a Defendant in this matter.

## MEMORANDUM OF LAW

The Supreme Court has directed "this mandate is to be heeded." *Forman v. Davis*, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962). Therefore, there must be a "justifying reason" for a court to deny leave. *Taylor v. Florida State Fair Auth.*, 875 F. Supp. 812 (M.D. Fla. 1995) citing *Foman, supra*, 371 U.S. at 182 and *Halliburton & Associates, Inc. v. Henderson, Few & Co.*, 774 F. 2d 441, 443 (11th Cir. 1985) ("substantial reason" needed). Here Plaintiff seeks to Amend his Complaint to better and more accurately allege the specific and unique damages he suffered due to the actions of the Defendant in light of the U.S. Supreme Court's recent ruling in *Spokeo*. This amendment will have no impact on any deadlines.

### III. *Analysis*

When evaluating the Motion, the Court will find the request free of any of the "substantial reasons" for denial. *Forman,* at 182, 83. The Motion is made in good faith based on information obtained during the exchange of discovery. The Motion proposes the Plaintiff's first amendment to the complaint and will not prejudice the Defendant. Specifically, it has been held that a Defendant is not prejudiced, in any way, by amending the complaint to properly reflect the Plaintiff's entire claim. *Lorentz v. Sunshine Health Products, Inc*. 2010 WL 1856265 (S.D. Fla. 2010). Additionally, the Court may also "examine whether undue prejudice to the movant will result from denying leave to amend," prejudice which, Plaintiff argues, would occur if she were not afforded the opportunity to amend her pleadings. *Henderson v. U.S. Fid. & Guar. Co.*, 620 F.2d 530, 534 (5th Cir. 1980). Lastly the amendments present no grounds for the Motion to be denied on the basis of futility; "[w]hen a district court denies the Plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail." *St. Charles Foods, Inc. v. America's Favorite Chicken Co.*, 198 F.3d 815, 822-23 (11th Cir. 1999).

As the Amended Complaint relies on facts and circumstances which may be a proper subject of relief, and permitted under the FCCPA and TCPA, the Plaintiff "should be afforded the opportunity to test the claims against the Defendant on the merits." *Lofton v. Tillman*, CV-05-721-KD-M, 2006 WL 2052522 (S.D. Ala. 2006).

Amending the Complaint will not delay this claim and Defendant will not be prejudiced by the Court allowing Plaintiff to amend her Complaint to add an additional defendant.

A true and correct copy of the proposed Amended Complaint is attached as **Exhibit "B"** to this Motion. Granting this amendment will further crystalize the issues and serve justice.

### IV. *Compliance with Local Rule 3.01(g)*

Pursuant to Local Rule 3.01(g), Counsel for Plaintiff and Defendant have conferred. Defendant opposes the amendment and despite a request for additional information, the reason for the opposition is unknown.

### CONCLUSION

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter an Order allowing Plaintiff leave to amend his Complaint as set forth above. Plaintiff has attached the proposed Amended Complaint hereto as **Exhibit "B."**

Dated this 10th day of May, 2017.

/s/Amy Ferrera, Esquire
Amy Ferrera, Esquire
Florida Bar #: 15313
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 577-4738
Fax: (813) 559-4846
amferrera@forthepeople.com
amoore2@forthepeople.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 10, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and that a Notice of this filing will be sent to the following by operation of the Court's Electronic Filing System: Drew P. O'Malley, Esquire, Akerman LLP, 401 E. Jackson Street, Suite 1700, Tampa, FL 33602 (drew.omalley@akerman.com; marykay.siegel@akerman.com); Adam G. Schwartz, Esq., Akerman LLP, 777 South Flagler Drive Suite 1100, West Tower, West Palm Beach, FL 33401(adam.schwartz@akerman.com; elisa.waites@akerman.com).

*/s/Amy Ferrera, Esquire*
Amy Ferrera, Esquire
Florida Bar #: 15313