# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

CATHERINE COOPER,

     Plaintiff,

v.                               CASE NO:  8:16-CV-3396-T-30MAP

NAVIENT SOLUTIONS, LLC,

     Defendant.

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Navient Solutions, LLC's Motion for Certification of Interlocutory Appeal (Dkt. 27) and Plaintiff's Response in Opposition (Dkt. 31).  The Court, upon review of the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## DISCUSSION

On December 12, 2016, Plaintiff filed this action against Defendant Navient Solutions, LLC, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act ("FCCPA"). Defendant is a servicer of student loans, including federal student loans that are owned or guaranteed by the United States Department of Education ("ED").  As part of its servicing function, Defendant makes calls and sends letters to borrowers to collect on delinquent loan amounts and advise them of available repayment options.

Plaintiff alleges Defendant began calling her cellular phone in 2015, up to four times per day with respect to her delinquent Federal Consolidation student loan. In January 2016, Plaintiff verbally revoked her consent to be contacted by cellular phone. Plaintiff contends that Defendant called her approximately one hundred times *after* Plaintiff's first January 2016 revocation.

Defendant moved for partial summary judgment on the TCPA claim, arguing that calls made to collect governmentally insured debts were no longer governed by the TCPA. The Court denied Defendant's motion based, in relevant part, on the Federal Communications Commission's ("FCC") August 11, 2016 Report and Order in CG Docket No. 02-278, FCC 16-99, which made clear that federal government callers and contractors making these calls on behalf of the federal government could not continue to call the debtor after the debtor requested that the calls cease. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 31 FCC Rcd. 9074, 9088-92 (Aug. 11, 2016). The Court noted that "FCC final orders are binding on this Court if they directly speak to a particular issue." (Dkt. 24) (citing *Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110, 1119 (11th Cir. 2014) (holding that, under the Hobbs Act, the federal courts of appeals are the exclusive venue for challenging FCC orders)).

Defendant now seeks permission to file an interlocutory appeal of the Court's order denying its motion for partial summary judgment. Under 28 U.S.C. § 1292(b):

> [w]hen a district judge, in making in a civil action an order not otherwise
> appealable under this section, shall be of the opinion that such order involves
> a controlling question of law as to which there is substantial ground for

difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

See 28 U.S.C. § 1292(b)(emphasis in original).

The Court must consider the following factors set forth in Section 1292(b) when analyzing whether to certify a question for interlocutory appeal: (1) Whether the order involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) whether an immediate appeal from the order may materially advance the ultimate termination of the litigation. *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1257 (11th Cir. 2004). The Eleventh Circuit instructs that an appeal from an interlocutory order should be permitted in "exceptional cases where a decision of the appeal may avoid protracted and expensive litigation, as in antitrust and similar protracted cases . . ." *Id.* Further: "The proper division of labor between the district courts and the court of appeals and the efficiency of judicial resolution of cases are protected by the final judgment rule, and are threatened by too expansive use of the § 1292(b) exception to it. Because permitting piecemeal appeals is bad policy, permitting liberal use of § 1292(b) interlocutory appeals is bad policy." *Id.* at 1259.

Defendant does not establish section 1292(b)'s high burden for two main reasons. First, this garden-variety consumer law case is certainly not "exceptional." Second,

Defendant has not articulated a substantial ground for disagreement on the issue of the effect of the FCC's August 11, 2016 Order. Simply put, the FCC had express authority under the Bipartisan Budget Act of 2015 to prescribe regulations to interpret the Budget Act's amendments. And, pursuant to that authority, the FCC instructed that federal government callers cannot continue to place calls to debtors after the debtors request that the calls cease. The Court sees no compelling reason to certify this issue to the Eleventh Circuit.

It is therefore **ORDERED AND ADJUDGED** that Defendant Navient Solutions, LLC's Motion for Certification of Interlocutory Appeal (Dkt. 27) is denied.

**DONE** and **ORDERED** in Tampa, Florida on May 25, 2017.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE


Copies furnished to:
Counsel/Parties of Record

-4-